Eastern District of Kentucky
F I L E D
JUL 1 1 2008
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 08-78-KSF

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                              **PLEA AGREEMENT**

TIMOTHY SCOTT RICHERSON                                         DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant will enter a guilty plea to Counts 1 and 2 of the Indictment, charging a violation of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2428 respectively.

2. The essential elements of Count 1 are:

   (a)  First, that the Defendant knowingly used a facility and means of interstate commerce; and

   (b)  Second, that the Defendant used a facility and means of interstate commerce to persuade, induce, entice, and coerce an a minor to engage in sexual activity; and

   (c)  Third, that the Defendant believed the individual had not attained the age of 16 years old; and

   (d)  Fourth, that it was sexual activity for which the Defendant could be charged with a criminal offense.

3. The essential elements of Count 2 are:

   (a)  The computer and associated software were involved in a knowing violation of 18 U.S.C. § 2422(b).

4. As to the charges, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

The Defendant who was 39 years old, began communicating with a 14 year old female during the summer of 2007 using MSN messenger. The Defendant had two MySpace pages during this time period (medicaman1 and youth for Christ). One of his MySpace pages listed him as a 16 year old male. Subsequent to communicating online with each other, the Defendant and the 14 year old female met in person at a fair in Western Kentucky. They continued to chat online using MSN messenger and many of the chats were sexual in nature. They also communicated by text messages and talking on the telephone. The Defendant repeatedly talked with the 14 year old female on line in detail about sexual acts he wanted to engage in with her. She communicated her age to the Defendant. The Defendant made the 14 year old female a video of himself masturbating and sent it to her via e-mail.

On September 15, 2007, the Defendant traveled from Western Kentucky on a motorcycle to the residence of the 14 year old female. They went for a motorcycle ride together and kissed.

On September 21, 2007, the Defendant traveled from Western Kentucky to Madison County to visit the 14 year old female. They went on a motorcycle ride together

and when they were alone together the Defendant digitally penetrated the 14 year old female and she rubbed his penis. Subsequent to meeting in person they continued to have sexually explicit chats online. The mother of the 14 year old female became suspicious after the Defendant's second visit and looked at the 14 year old female's telephone. She discovered approximately 40 text messages from the Defendant that were sexual in nature and called the police. The mother of the 14 year old female gave police the computer in their residence and a forensic examination revealed many of sexually explicit chats and three videos of the Defendant masturbating. Police obtained a state search warrant for the defendant's residence. A search of the Defendant's residence revealed numerous computers and related equipment, numerous CDs including several pornographic videos, at least one of which contained known images of child pornography. A forensic examination of one of the computers seized from the Defendant's residence resulted in the recovery of many of online chats between the Defendant and the 14 year old female. A few days after searching the Defendant's residence, his wife told police she found additional items of evidence at the residence after the police completed their search. She then gave police a printed copy of a Map Quest search from the Defendant's residence to the victim's residence, a condom, and a school picture of the 14 year old victim. The Defendant knowingly used a computer, specifically he accessed the internet and engaged in on-line chats to entice a 14 year old female to engage in sexually explicit conduct with

the Defendant, namely digital penetration and knew the victim was 14 years old during the time he engaged in sexually explicit chats and had sexual contact with the victim.

5. With regard to Count 1, the statutory punishment is not less than 10 years imprisonment and not more than life imprisonment, a fine of not more than $ 250,000.00, or both, and a term of supervised release of any term of years to life. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk a the time of the entry of the plea.

6. The United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court. The United States, at the time of the preparation of this agreement, believes these recommended guidelines to be the full and complete guidelines applicable to the case. If, however, the United States Probation Office, in its preparation of the Presentence Investigation Report, arrives at a computation of guidelines that is different in any way from the recommended guidelines that follow herein, the United States and the Defendant reserve the right to object to, remain neutral on, or agree with any and all of those guideline computations that are different.

   (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2007, manual, will determine the Defendant's guideline range.

   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct set forth above.

(c) Pursuant to U.S.S.G. § 2G1.3 (a)(3), the base offense level for Count 1 is 28 as the instant conviction involves a violation of 18 U.S.C. § 2422(b).

(d) Pursuant to U.S.S.G. § 2G1.3 (b)(2), increase the base offense level by two levels (undue influence of a minor to engage in prohibited sexual conduct). The Defendant reserves the right to object to this increase at the time of sentencing.

(e) Pursuant to U.S.S.G. § 2G1.3 (b)(3), increase the base offense level by two levels (the use of a computer or an interactive computer service).

(f) Pursuant to U.S.S.G. § 2G1.3 (b)(4)(A), increase the base offense level by two levels (sexual contact).

(g) Pursuant to U.S.S.G. § 3E1.1, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. Additionally, the defendant will not file a motion to receive a sentence below the advisory guidelines unless they are greater than 120 months.

9. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, conviction, and sentence, including any order of restitution. The Defendant does reserve the right to appeal any sentence greater than 120 months imprisonment.

10. The Defendant will forfeit to the United States all interest in the property listed in Count 2 of the indictment and will execute any documents necessary for this forfeiture.

11. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs. The Defendant agrees that any unpaid penalty will be submitted to the United States Treasury for offset. If the Defendant fails to comply with any of the provisions of this paragraph, the United States will not move the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may in its discretion argue to the Court that the Defendant should not receive a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the Plea Supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities. **The United States Attorney's Office for the Eastern District of Kentucky, The United States Attorney's Office for the Western District of Kentucky, and the Commonwealth Attorneys in Green and Madison Counties have agreed not to bring additional charges against the Defendant related to evidence obtained in this case. The parties understand any new evidence obtained is not covered by the agreement.**

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

                              JAMES A. ZERHUSEN
                              ACTING UNITED STATES ATTORNEY

Date: 7/11/08          By:  _____
                            Hydee R. Hawkins
                            Assistant United States Attorney


Date: 7/2/08                _____
                            Timothy Scott Richerson
                            Defendant


Date: July 11, 2008         _____
                            Patrick F. Nash
                            Attorney for Defendant


**APPROVED**, this 11 day of July, 2008

_____
KARL S. FORESTER, SENIOR JUDGE
UNITED STATES DISTRICT COURT